DISCIPLINARY PROCEEDINGS
ON REHEARING
liPER CURIAM[1]
A rehearing was granted in this matter to determine whether this court in its original judgment committed substantial prejudicial *321 error. After entertaining written and oral arguments of counsel and after further consideration of the record, we conclude that we erred in the following particulars.
In our original opinion we found the following facts:
[Respondent] was also a director of Acadia Savings, having previously been chairman of the board. Respondent’s law firm was the closing attorney on Acadia’s transactions.
Acadia made a $2,500,000 loan to Triad Enterprises, Inc. The loan included a requirement that Triad use part of the loan proceeds to buy property owned by Louisiana Bank for $700,000 ...
A more careful scrutiny of the record reflects, however, that the respondent was neither a director of Acadia Savings and Loan Association nor a member of the law firm that acted as closing attorneys on the Triad transaction. Furthermore, while we must assume there was sufficient evidence to support a finding that someone imposed a requirement that Triad use part of the loan proceeds to buy property owned by Louisiana Bank[2] for $700,000, our examination indicates that the evidence was of the barest minimum quantity required to support an inference that respondent imposed this requirement.[3] Therefore, we conclude that respondent’s guilt, which must be assumed as a matter of law because of his conviction and nolo contendere plea, was of the least quantity assignable and that his culpability in the admittedly very serious crime was the barest minimum.
12Moreover, we further conclude that we initially underestimated the weight of the mitigating evidence which should be more carefully enumerated as follows: (1) marginal evidence of criminal conduct (the Hearing Committee and this Court agree “that the evidence at best was [only] marginally sufficient to support the conviction”); (2) no comparable state offense; (3) minimal sentence imposed by the federal court; (4) number of counts abandoned, dismissed or which resulted in verdicts of acquittal; (5) withdrawal of appeal and plea of nolo contendere for the benefit of eodefendants, family and friends; (6) public acceptance of the verdict and public acknowledgment of the validity of the justice system; (7) absence of a prior disciplinary record; (8) absence of any selfish motive; (9) no loss to Acadia (as found by the trial judge); (10) no profit or pecuniary gain to respondent; (11) consent to interim suspension, full disclosure to Disciplinary Board and full cooperation during the proceedings; (12) exemplary record of service to nation, state, church and community; (13) physical illnesses, disability and impairment; and (14) non-relation of offenses to respondent’s practice of law.
Considering our factual errors as to the respondent’s relationship to the lending institution and law firm involved, the minimum culpability of the respondent, and the substantial mitigating circumstances, we conclude that we erred in our original decision. Instead, this court should have accepted the well-considered and soundly-based recommendation of the Disciplinary Board. Accordingly, our initial judgment is set aside and the respondent is hereby suspended from the practice of law for a period of twelve months commencing upon the original date of his interim suspension.
It is so ordered.
KIMBALL and JOHNSON, JJ., dissent.
VICTORY, J., dissents and assigns reasons.

. Watson, J., recused.

. The fact that respondent owned eight percent of the stock in Louisiana Bank was apparently the basis of the federal judge’s post-trial ruling on the sufficiency of the evidence.

. According to respondent’s brief on rehearing, Triad’s president testified that he had no conversations with respondent about the subject loan and did not know Louisiana Bank owned the property until the day of the act of sale.